UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| KALYN MARIE POLOCHAK, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) No. 2:20-cv-00049 |
| STANLEY DICKERSON, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Kalyn Marie Polochak, an inmate of the Women's Therapeutic Residential Center in Henning, Tennessee, filed a pro se, in forma pauperis petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging her 2012 convictions. (Doc. No. 1).

**I.  Introduction**

On September 25, 2012, an Overton County, Tennessee jury convicted Petitioner of first degree premeditated murder, first degree felony murder, conspiracy to commit first degree murder, especially aggravated robbery, and theft of property valued at $1,000 or more but less than $10,000.[1] (Doc. No. 1 at 1). The trial court merged the first degree and felony murder convictions and imposed a life sentence. State v. Polochak, No. M2013-02712-CCA-R3-CD, 2015 WL 226566, at *1 (Tenn. Crim. App. Jan. 16, 2015). The court also imposed concurrent sentences of fifteen years at 30% service for conspiracy to commit first degree murder, fifteen years at 100% service for especially aggravated robbery, and two years at 30% service for theft. Id.

---

[1]  Petitioner was a juvenile at the time the crimes were committed. (Doc. No. 1 at 6).

1

Petitioner appealed, and the Tennessee Court of Criminal Appeals affirmed on January 16, 2015. Id. The Supreme Court of Tennessee denied Petitioner's application for discretionary review on May 14, 2015. Id. Petitioner did not seek a petition for writ of certiorari from the United States Supreme Court. (Doc. No. 1 at 3).

Petitioner filed a petition for post-conviction relief on April 12, 2016 (Id. at 3), which was denied. (Id.) The Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief, and the Supreme Court of Tennessee denied Petitioner's application for discretionary review on March 26, 2020. Polochak v. State, No. M2018-01524, CCA-R3-PC, 2019 WL 5692112, at *1 (Tenn. Crim. App. Nov. 4, 2019), perm. app. denied (Tenn. Mar. 26, 2020).

On July 31, 2020,[2] Petitioner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. (Doc. No. 1 at 10).

## II. Standard for Preliminary Review of Section 2254 Cases

Under Rule 4, Rules – Section 2254 Cases, the court is required to examine Section 2254 petitions to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If, on the face of the petition, it appears that the petitioner is not entitled to habeas corpus relief, then the "the judge must dismiss the petition . . . ." Id.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (codified, inter alia, at 28 U.S.C. §§ 2244, et seq.), prisoners have one year within which to file a petition for habeas corpus relief which runs from the latest of four (4) circumstances,

---

[2] Under the "prison mailbox rule" of Houston v. Lack, 487 U.S. 266, 270 (1988), and the Sixth Circuit's subsequent extension of that rule in Richard v. Ray, 290 F.3d 810, 812 (6th Cir. 2002) and Scott v. Evans, 116 F. App'x 699, 701 (6th Cir. 2004), a prisoner's legal mail is considered "filed" when she deposits her mail in the prison mail system to be forwarded to the Clerk of Court. Pursuant to this authority, the Court finds that Petitioner filed her petition on July 31, 2020, the date she signed the petition (Doc. No. 1 at 15), even though the Clerk of Court received and docketed the petition on August 10, 2020.

2

one of which is relevant here—"the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A).

The AEDPA's one-year limitations period is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2); see Ege v. Yukins, 485 F.3d 364, 371 (6th Cir. 2007). However, any lapse of time before a state application is properly filed is counted against the one-year limitations period. See Bennett v. Artuz, 199 F.3d 116, 122 (2d Cir. 1999), aff'd, 531 U.S. 4 (2000). When the state collateral proceeding that tolled the one-year limitations period concludes, the limitations period begins to run again at the point where it was tolled rather than beginning anew. See Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004) (citing McClendon v. Sherman, 329 F.3d 490, 494 (6th Cir. 2003)).

### III. Rule 4 Preliminary Review

The Court previously reviewed Ms. Polochaks' petition under Rule 4, Rules – Section 2254 Cases and, by Order and Memorandum Opinion entered on October 1, 2020, notified Petitioner that it appeared her petition was untimely. (Doc. Nos. 9 and 10). Because Petitioner is proceeding pro se, the Court gave her 30 days to show cause why her petition should not be dismissed for untimeliness. (Id.) Petitioner has responded to the Court's Show Cause Order and disagrees with the Court's statute-of-limitations analysis. (Doc. No. 11).

The date on which Petitioner's judgment became final by conclusion of direct review was May 14, 2015. On May 15, 2015, the ninety (90) day period within which Petitioner could have filed a writ of certiorari with the United States Supreme Court began. During the ninety (90) day period, the AEDPA's one-year limitations period is tolled. *See Clay v. United States*, 537 U.S.

3

522, 532 (2003). The ninety (90) day period ended on August 12, 2015. The AEDPA one-year limitations period began running the next day, on August 13, 2015. Therefore, Petitioner had one year from August 13, 2015, to timely file her federal habeas petition. However, on April 12, 2016, Petitioner statutorily tolled the limitations period by properly filing a pro se state petition for post-conviction relief. The AEDPA's one-year limitations had run for 243 days[3] prior to Petitioner's post-conviction filing. To this point, Petitioner agrees with the Court's analysis. (Doc. No. 1 at 13-14).

On March 26, 2020, Petitioner completed the state post-conviction process when the Tennessee Supreme Court denied her application for discretionary review. The mandate issued on April 30, 2020. Here begins Petitioner's disagreement with the Court. The AEDPA limitations period resumed the day after the Tennessee Supreme Court denied her application for discretionary review, March 27, 2020. Since 243 days[4] of the one-year limitations period had run, Petitioner had 122 days, or until July 27, 2020, to timely file her federal habeas petition. Petitioner filed her federal habeas petition on July 31, 2020. Petitioner therefore filed her petition four days after the AEDPA's one-year limitations period ended.

In her response to the Court's Show Cause Order, Petitioner states, "it would seem this Court has received bad information concerning the date the TN Supreme Court denied Petitioner's Rule 11 request for discretionary review." (Doc. No. 11 at 1). According to Petitioner, the Tennessee Supreme Court denied her application for discretionary review on April 30, 2020 and

---

[3] For the reasons explained infra at note 5, the Court now concludes that only 243 days (not 245) days of the AEDPA's one-year limitations period had run at the time Petitioner tolled the AEDPA statute of limitations, and Petitioner had until July 31, 2020 (not March 3, 2020) to timely file her federal habeas petition. Both of these revisions to the Court's prior calculations are advantageous to Petitioner.

[4] The one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment is not tolled during the pendency of petition for certiorari to the United States Supreme Court seeking review of denial of state postconviction relief. See Lawrence v. Fla., 549 U.S. 327, 337 (2007).

4

issued its mandate on the same date. (Id.) While it is true that the mandate issued on April 30, 2020, the Tennessee Supreme Court denied Petitioner's application for discretionary review on March 26, 2020.[5]

To the extent that Petitioner argues the date on which the Tennessee Supreme Court issued its mandate—as opposed to the date the Tennessee Supreme Court denied Petitioner's application for discretionary review—is the date on which Petitioner completed the state post-conviction process, the Tennessee "post-conviction statute makes it clear that the statute of limitations begins to run on the date that the final action is taken by the highest appellate court to which an appeal has been taken . . . the date that the supreme court denied application for permission to appeal." Pinchon v. State, No. M2003-00816-CCA-R3-PC, 2004 WL 193005, at *4 (Tenn. Crim. App. Jan. 28, 2004), perm. app. denied (Tenn. May 10, 2004). In Pinchon, the petitioner argued that his petition was timely because it was mailed within one year of the date the *mandate* was issued. See id. The Tennessee Court of Criminal Appeals rejected his argument, explaining, "[t]his court has consistently held that the final action of the supreme court is the date of the filing of either the court's opinion or denial of application for permission to appeal." Id. (citations omitted). In the instant case, the Tennessee Supreme Court did not issue an opinion so, as per Pinchon, the operative date is the date of the court's denial of application for permission to appeal—March 26, 2020. See Taylor v. State, No. M2019-02020-CCA-R3-PC, 2020 WL 4332531, at *2 (Tenn. Crim.

---

[5] In considering Petitioner's response to the Show Cause Order, the Court reviewed the date on which Tennessee Supreme Court denied Petitioner's application for discretionary review. In so doing, the Court discovered that there is an error (or, at best, an ambiguity) on Westlaw regarding that date, and the Court previously relied on that information when calculating the relevant time periods in this case. After consulting with the Tennessee Court of Criminal Appeals Clerk, the Court takes judicial notice that the Tennessee Supreme Court denied Petitioner's application for discretionary review on March 26, 2020, and the mandate issued on April 30, 2020. See Buck v. Thomas M. Cooley Law Sch., 597 F.3d 812, 816 (6th Cir. 2010) (stating that "a court may take judicial notice of other court proceedings") (citing Winget v. JP Morgan Chase Bank, N.A., 537 F.3d 565, 576 (6th Cir. 2008)).

5

App. July 28, 2020) (citing Pinchon and finding that petitioner's statute of limitations began to run on the day the Tennessee Supreme Court denied review, not on the day it issued the mandate).

The "one-year limitations period is not a jurisdictional bar and is subject to equitable tolling in certain instances." Ata v. Scutt, 622 F.3d 736, 741 (6th Cir. 2011) (citing Holland v. Florida, 560 U.S. 631, 645 (2010)). A petitioner seeking equitable tolling bears the burden of establishing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is applied "sparingly." Hall v. Warden, Lebanon Corr. Inst., 662 F.3d 745, 749 (6th Cir. 2011) (quoting Robertson v. Simpson, 624 F.3d 781, 783 (6th Cir. 2010)).

Although Petitioner maintains that her petition was timely filed, she asserts in response to the Court's Show Cause Order that "the TN Supreme Court never notified Petitioner that they denied her review until she requested an update on her case (please see attached)." (Doc. No. 11 at 1-2). It appears, then, Petitioner makes an equitable tolling argument to excuse the untimely filing of her federal habeas petition. However, the attached document referenced by Petitioner was not submitted with her response to the Court's Show Cause Order. Considering Petitioner's pro se status and that she was only four days late in filing her federal habeas petition, the Court will afford Petitioner an opportunity to advance her equitable tolling argument(s) in more detail and with any supporting documentation. The Court notes, nevertheless, "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day." Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 560 (6th Cir. 2000).

**IV. Conclusion and Order**

Accordingly, the Court **GRANTS** Petitioner 30 days from the date this Order is entered to submit her equitable tolling argument(s) to the Court. Petitioner is warned that the Court may dismiss the petition as untimely without further Order if Petitioner does not respond to this Order, or if she does not request an extension of time to respond, by the deadline.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE