UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| KALYN MARIE POLOCHAK, | ) |  |
|---|---|---|
| Petitioner, | ) ) ) | No. 2:20-cv-00049 |
| v. | ) ) |  |
| STANLEY DICKERSON, | ) ) |  |
| Respondent. | ) |  |

**MEMORANDUM OPINION**

Kalyn Marie Polochak, an inmate of the Women's Therapeutic Residential Center in Henning, Tennessee, filed a pro se, in forma pauperis petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging her 2012 convictions. (Doc. No. 1).

**I.      Introduction**

On September 25, 2012, an Overton County, Tennessee jury convicted Petitioner of first degree premeditated murder, first degree felony murder, conspiracy to commit first degree murder, especially aggravated robbery, and theft of property valued at $1,000 or more but less than $10,000.[1] (Doc. No. 1 at 1). The trial court merged the first degree and felony murder convictions and imposed a life sentence. State v. Polochak, No. M2013-02712-CCA-R3-CD, 2015 WL 226566, at *1 (Tenn. Crim. App. Jan. 16, 2015). The court also imposed concurrent sentences of fifteen years at 30% service for conspiracy to commit first degree murder, fifteen years at 100% service for especially aggravated robbery, and two years at 30% service for theft. Id.

---

[1]      Petitioner was a juvenile at the time the crimes were committed. (Doc. No. 1 at 6).

1

Petitioner appealed, and the Tennessee Court of Criminal Appeals affirmed on January 16, 2015. Id. The Supreme Court of Tennessee denied Petitioner's application for discretionary review on May 14, 2015. Id. Petitioner did not seek a petition for writ of certiorari from the United States Supreme Court. (Doc. No. 1 at 3).

Petitioner filed a petition for post-conviction relief on April 12, 2016 (Id. at 3), which was denied. (Id.) The Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief on November 4, 2019, and the Supreme Court of Tennessee denied Petitioner's application for discretionary review on March 26, 2020. Polochak v. State, No. M2018-01524, CCA-R3-PC, 2019 WL 5692112, at *1 (Tenn. Crim. App. Nov. 4, 2019), perm. app. denied (Tenn. Mar. 26, 2020).

On July 31, 2020,[2] Petitioner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. (Doc. No. 1 at 10).

## II. Standard for Preliminary Review of Section 2254 Cases

Under Rule 4, Rules – Section 2254 Cases, the court is required to examine Section 2254 petitions to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If, on the face of the petition, it appears that the petitioner is not entitled to habeas corpus relief, then the "the judge must dismiss the petition . . . ." Id.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (codified, inter alia, at 28 U.S.C. §§ 2244, et seq.), prisoners have one year within

---

[2] Under the "prison mailbox rule" of Houston v. Lack, 487 U.S. 266, 270 (1988), and the Sixth Circuit's subsequent extension of that rule in Richard v. Ray, 290 F.3d 810, 812 (6th Cir. 2002) and Scott v. Evans, 116 F. App'x 699, 701 (6th Cir. 2004), a prisoner's legal mail is considered "filed" when she deposits her mail in the prison mail system to be forwarded to the Clerk of Court. Pursuant to this authority, the Court finds that Petitioner filed her petition on July 31, 2020, the date she signed the petition and submitted it to the prison authorities for mailing (Doc. No. 1 at 15), even though the Clerk of Court received and docketed the petition on August 10, 2020.

2

which to file a petition for habeas corpus relief that runs from the latest of four (4) circumstances, one of which is relevant here—"the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A).

The AEDPA's one-year limitations period is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2); see Ege v. Yukins, 485 F.3d 364, 371 (6th Cir. 2007). However, any lapse of time before a state application is properly filed is counted against the one-year limitations period. See Bennett v. Artuz, 199 F.3d 116, 122 (2d Cir. 1999), aff'd, 531 U.S. 4 (2000). When the state collateral proceeding that tolled the one-year limitations period concludes, the limitations period begins to run again at the point where it was tolled rather than beginning anew. See Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004) (citing McClendon v. Sherman, 329 F.3d 490, 494 (6th Cir. 2003)).

### III. Rule 4 Preliminary Review

The Court previously reviewed Petitioner's petition under Rule 4, Rules – Section 2254 Cases and, by Order and Memorandum Opinion entered on October 1, 2020, notified Petitioner that it appeared her petition was untimely. (Doc. Nos. 9 and 10). The Court gave her 30 days to show cause why her petition should not be dismissed as untimely. (Id.) Petitioner responded, asserting an equitable tolling argument. (Doc. No. 11). Because Petitioner is proceeding pro se and the document referenced by Petitioner in support of her equitable tolling argument was not included with her response, the Court provided Petitioner an opportunity to provide the document and advance her equitable tolling argument in more detail within 30 days of entry of the Court's November 5, 2020 Order. (Doc. No. 12). Petitioner has filed a timely response. (Doc. No. 13).

3

The date on which Petitioner's judgment became final by conclusion of direct review was May 14, 2015. On May 15, 2015, the ninety (90) day period within which Petitioner could have filed a writ of certiorari with the United States Supreme Court began. During the ninety (90) day period, the AEDPA's one-year limitations period is tolled. See Clay v. United States, 537 U.S. 522, 532 (2003). The ninety (90) day period ended on August 12, 2015. The AEDPA one-year limitations period began running the next day, on August 13, 2015. Therefore, Petitioner had one year from August 13, 2015, to timely file her federal habeas petition. However, on April 12, 2016, Petitioner statutorily tolled the limitations period by properly filing a pro se state petition for post-conviction relief. The AEDPA's one-year limitations had run for 243 days prior to Petitioner's post-conviction filing.

On March 26, 2020, Petitioner completed the state post-conviction process when the Tennessee Supreme Court denied her application for discretionary review. The AEDPA limitations period resumed the next day, March 27, 2020. Since 243 days[3] of the one-year limitations period had run, Petitioner had 122 days, or until July 27, 2020, to timely file her federal habeas petition. Petitioner filed her federal habeas petition on July 31, 2020. Petitioner therefore filed her petition four days after the AEDPA's one-year limitations period ended.

The "one-year limitations period is not a jurisdictional bar and is subject to equitable tolling in certain instances." Ata v. Scutt, 622 F.3d 736, 741 (6th Cir. 2011) (citing Holland v. Florida, 560 U.S. 631, 645 (2010)). A petitioner bears the burden of showing she is entitled to equitable tolling. McClendon v. Sherman, 329 F.3d 490, 494 (6th Cir.2003). A petitioner seeking equitable tolling must establish that "(1) that [s]he has been pursuing his rights diligently, and (2) that some

---

[3] The one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment is not tolled during the pendency of petition for certiorari to the United States Supreme Court seeking review of denial of state postconviction relief. See Lawrence v. Fla., 549 U.S. 327, 337 (2007).

4

extraordinary circumstance stood in [her] way" and prevented timely filing. Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is applied "sparingly." Hall v. Warden, Lebanon Corr. Inst., 662 F.3d 745, 749 (6th Cir. 2011) (quoting Robertson v. Simpson, 624 F.3d 781, 783 (6th Cir. 2010)). A court must decide whether to toll the statute on a case-by-case basis. Cook v. Stegall, 295 F.3d 517, 521 (6th Cir. 2002).

Petitioner concedes that her petition was filed four days late. (Doc. No. 13 at 2). As grounds for equitable tolling, Petitioner asserts that the Tennessee Supreme Court did not notify her that her Rule 11 application had been denied and, as soon as she knew, she prepared and mailed the instant habeas petition within approximately one month.

Considering whether Petitioner diligently pursued her rights and whether some extraordinary circumstance stood in her way and prevented timely filing, Holland, 560 U.S. at 649, the time frame at issue here is from March 26, 2020 (the date the state supreme court issued its order denying Petitioner's application for permission to file a Rule 11 appeal) to June 25, 2020 (the date Petitioner asserts that she received notice of the Tennessee Supreme Court's order denying her Rule 11 application) to July 31, 2020 (the date Petitioner filed her federal habeas petition). Two cases are instructive to the Court's analysis under Holland. In Miller v. Collins, 305 F.3d 491 (6th Cir. 2002), a state prisoner sought equitable tolling for his untimely-filed federal habeas petition, claiming that he had not received a copy of the state appellate court's pertinent order. Id. at 495. Reversing the district court's decision, the Sixth Circuit concluded that Miller adequately had demonstrated he did not have knowledge of the appellate court's decision and that he acted diligently to protect his rights both before and after receiving notice. As the Court explained, "Miller not only swore under penalty of perjury, his conduct directly corroborates his account because on May 7, 1997, he filed a motion to proceed to judgment asking the court to rule

5

on his application." Id. at 495-96. The Court noted that, when Miller believed the appellate court had not ruled on his application, he did not "passively await decision"; instead, nine months after filing his application, he filed a motion with the court requesting that it rule on his application. Id. at 496. The Court found that, given that it had taken the state appellate court five months to rule on Miller's sufficiency of evidence appeal, "it was not unreasonable that Miller waited nine months before asking the court to rule on his application." Id. The Court further found that Miller also acted promptly after receiving notice of the appellate court's decision because, less than three weeks after receiving notice, he filed a motion for relief from judgment. Id.

In Dunigan v. Parker, No. 1:07-cv-150, 2008 WL 183230, at *4-5 (E.D. Tenn. January 17, 2008), Dunigan, a state prisoner, relied on equitable tolling to save his untimely-filed federal habeas petition, claiming that he, like Miller, had not received notice of the state appellate court's order denying his application for permission to appeal. Id. at *4. The district court[4] found that Dunigan had not provided "a valid reason under which Petitioner could provide his entitlement to equitable tolling of the statute of limitations." Id. at *4. The court distinguished Dunigan's case from Miller, finding that, "even giving Petitioner the benefit of the doubt and assuming he has demonstrated that he did not receive timely notice and know about the state court's disposition of his case, there is nothing in the record to reflect that petitioner made any inquiry of the court regarding the status of his appeal." Id. at *6. Dunigan, the court said, had "passively awaited" the court's decision and made no attempt to stay informed about the status of his direct appeal for a period of three years. Id. at *5.

---

[4] Dunigan did not appeal the district court's decision.

The Court finds that Petitioner adequately has demonstrated she did not have knowledge of the appellate court's decision and that she acted diligently to protect her rights both before and after receiving notice. Petitioner filed a pro se Rule 11 application on January 10, 2020. She asserts that "the TN Supreme Court never notified Petitioner that they denied her review until she requested an update on her case on June 17, 2020." (Doc. No. 13 at 1). Because Petitioner was proceeding pro se, she could not rely on counsel to apprise her of the status of her application.[5] However, like Miller and unlike Dunigan, Petitioner did not passively await a decision by the state supreme court. On June 17, 2020, she wrote the Tennessee Supreme Court, inquiring about the status of her Rule 11 appeal because she had not received any correspondence from the Court since January 16, 2020. (Id. at 3). Petitioner has provided a copy of this letter. (Id.) Petitioner's conduct corroborates her account, as did Miller's.

Like Miller and unlike Dunigan, Petitioner promptly took action upon learning of the denial of her Rule 11 application. She has provided a copy of the response she received from the Appellate Court Clerk dated June 23, 2020, in which the Clerk enclosed a copy of the public case history of her appeal "regarding [her] request for a status update." (Id. at 4). The letter states that "[t]he T.R.A.P. 11 Permission to Appeal was denied on 3/26/2020 and Mandate issued 4/30/2020. Both the Court of Criminal Appeals and Supreme Court appeal cases are closed." (Id.) Assuming it took at least two days for Petitioner to receive the June 23, 2020 letter from the Appellate Court Clerk, Petitioner prepared and filed her pro se federal habeas petition within approximately one

---

[5] In addition, even if Petitioner had been able to perform online legal research personally or through a representative, the Court discovered that there is an error (or, at best, an ambiguity) on Westlaw in both the case caption and the case history regarding not only the date on which the Tennessee Court of Criminal Appeals denied Petitioner's appeal but also the date on which the Tennessee Supreme Court denied her Rule 11 application. Indeed, the Court previously relied on that information when calculating the relevant time periods in this case and, after Petitioner raised questions regarding the dates, the Court consulted the Tennessee Court of Criminal Appeals Clerk, took judicial notice of the correct dates, and revised its previous calculations. (See Doc. No. 12 at 4, 5). Those revisions were advantageous to Petitioner and are employed herein. Petitioner, proceeding as a pro se prisoner, would not be expected to avoid the same pitfall that befell that Court.

7

Case 2:20-cv-00049 Document 14 Filed 12/22/20 Page 7 of 9 PageID #: 102

month from the time she learned that her Rule 11 application had been denied. That pro se petition is twenty-five pages in length and the supporting memorandum is fourteen pages in length, indicating that Petitioner was not sitting on her rights during this approximate one-month period. (Doc. Nos. 1 and 2).

Thus, in light of Petitioner's lack of notice, her diligence in pursuing her claims both before and after learning of the state court's denial of her Rule 11 application, and the Court's finding that the State of Tennessee will not be prejudiced if this limited period of time is tolled, the Court holds that the Section 2244 one-year statute of limitations was tolled from March 26, 2020, the date of the Tennessee Supreme Court's decision denying Petitioner's Rule 11 application, until June 25, 2020, the date Petitioner likely received notice of the decision. See Miller, 305 F.3d 491, 495-96; Woodward v. Williams, 263 F.3d 1135, 1143 (10th Cir. 2001) ("[A] prisoner's lack of knowledge that the state courts have reached a final resolution of his case can provide grounds for equitable tolling if the prisoner has acted diligently in the matter."); Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam) ("A delay in receiving notification [that petitioner's appeal has been denied] . . . could qualify for equitable tolling."). Thus, the AEDPA limitations period resumed the next day, June 26, 2020. Since 243 days of the one-year limitations period already had run, Petitioner had 122 days, or until October 22, 2020, to timely file her federal habeas petition. Petitioner filed her federal habeas petition on July 31, 2020. Consequently, Polochak's petition, filed on July 31 2020, is timely filed.

## IV. Conclusion

The Court finds that Petitioner has established that she is entitled to equitable tolling. As such, Petitioner's instant federal habeas petition is timely filed. Respondent will be ordered to respond by separate Order.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

9

Case 2:20-cv-00049 Document 14 Filed 12/22/20 Page 9 of 9 PageID #: 104